1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    DANNY JOE DODSON,                          Case No.  1:23-cv-01298-JLT-BAM (PC)

12                 Plaintiff,                     FINDINGS AND RECOMMENDATION TO
                                                  DISMISS ACTION, WITHOUT PREJUDICE,
13           v.                                   FOR FAILURE TO OBEY COURT ORDER
                                                  AND FAILURE TO PROSECUTE
14    CALIFORNIA DEPARTMENT OF
      CORRECTIONS AND                             (ECF No. 13)
15    REHABILITATION, *et al.*,
                                                  **FOURTEEN (14) DAY DEADLINE**
16                 Defendants.

17

18    **I.      Background**

19           Plaintiff Danny Joe Dodson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

20    *pauperis* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United

21    States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22           On October 16, 2025, the Court screened the complaint and directed Plaintiff to either file

23    a first amended complaint or notify the Court of his willingness to proceed on the cognizable

24    claim identified by the Court.  (ECF No. 13.)  The Court expressly warned Plaintiff that his

25    failure to comply with the Court's order would result in dismissal of this action, without

26    prejudice, for failure to obey a court order and for failure to prosecute.  (*Id.* at 11.)  The deadline

27    for Plaintiff to file an amended complaint or a notice of his willingness to proceed on the

28    cognizable claims identified has expired, and Plaintiff has failed to respond to the Court's order.

                                                     1

1    **II.       Failure to Prosecute and Failure to Obey a Court Order**

2         **A.       Legal Standard**

3         Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

4    any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

5    within the inherent power of the Court."  District courts have the inherent power to control their

6    dockets and "[i]n the exercise of that power they may impose sanctions including, where

7    appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

8    court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

9    failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46

10   F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

11   963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

12   amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

13   (dismissal for failure to comply with court order).

14        In determining whether to dismiss an action, the Court must consider several factors:

15   (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

16   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

17   cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

18   F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

19        **B.       Discussion**

20        Here, Plaintiff's amended complaint or notice of willingness to proceed on cognizable

21   claim is overdue, and he has failed to comply with the Court's order.  The Court cannot

22   effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both

23   the first and second factors weigh in favor of dismissal.

24        The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

25   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

26   *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

27   dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

28   639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

2

1  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

2  progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

3  *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

4       Finally, the Court's warning to a party that failure to obey the court's order will result in

5  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

6  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's October 16, 2025 screening

7  order expressly warned Plaintiff that failure to comply with the Court's order would result in a

8  recommendation of dismissal of this action, without prejudice, for failure to obey a court order

9  and for failure to prosecute.  (ECF No. 13, p. 11.)  Thus, Plaintiff had adequate warning that

10  dismissal could result from his noncompliance.

11       Additionally, at this stage in the proceedings there is little available to the Court that

12  would constitute a satisfactory lesser sanction while protecting the Court from further

13  unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this

14  action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is

15  likely to have no effect given that Plaintiff has ceased litigating his case.

16  **III.      Recommendation**

17       Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY

18  RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court

19  order and for Plaintiff's failure to prosecute this action.

20       These Findings and Recommendations will be submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

22  **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

23  file written objections with the court.  The document should be captioned "Objections to

24  Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

25  **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

26  **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

27  **limit may not be considered.**  The parties are advised that failure to file objections within the

28  specified time may result in the waiver of the "right to challenge the magistrate's factual

findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **December 2, 2025**              /s/ *Barbara A. McAuliffe*       _
                                        UNITED STATES MAGISTRATE JUDGE

4